IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Brief September 21, 2000

## MARY CATHERINE BERNI SCHREMP (HENDRY) v. DAVID BRUCE SCHREMP

**Direct Appeal from the Circuit Court for Shelby County**
**No. 151117 R.D.    John R. McCarroll, Jr., Judge**

_____

### No. W1999-01734-COA-R3-CV

_____

Mother, the custodial parent of minor children, desired to relocate out of state to live with her new husband. Father protested the move and filed a petition in opposition. Finding that Mother's new husband could easily move to Memphis to live with his new family and that dislocating the children was not in their best interest, the trial court granted the petition. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

Wanda B Shea and Lisa E. Circeo, Memphis, Tennessee, for the appellant, Mary Catherine Berni Schremp (Hendry).

Amy J. Amundsen, Memphis, Tennessee, for the appellee, David Bruce Schremp.

### OPINION

In 1996, Mary Schremp and David Schremp were granted a Final Decree of Divorce which incorporated a Marital Dissolution Agreement executed by the parties. Under this agreement, the parties were awarded joint custody of their two minor children, though the children were to primarily reside with Ms. Schremp. Mr. Schremp was awarded a minimum of nine days a month visitation.

After the divorce, the parties remained in Memphis living within a few miles of each other. Though some disputes arose between the parties over visitation by Mr. Schremp, both parents were greatly involved in the lives of their children. Ms. Schremp was working on a doctorate at the University of Memphis. Mr. Schremp maintained his pre-divorce employment with Boeing Airline Company.

This action arose after Ms. Schremp met and married Mr. Stephen Hendry. Mr. Hendry was a pilot employed by Federal Express. According to Federal Express records, Mr. Hendry was domiciled in Memphis. However, due to the specifics of his job, Mr. Hendry chose to maintain his primary residence in Charlotte, North Carolina.[1] After their marriage, Ms. Schremp informed Mr. Schremp of her intention to move herself and the minor children to Charlotte to live with Mr. Hendry. Mr. Schremp protested this move and filed a Petition in Opposition to the Removal of the Children.

The trial court ruled that Mr. Schremp did not spend "substantially equal intervals of time" with the children when compared with his ex-wife. Then, after examining the circumstances surrounding the proposed move, it found that Ms. Schremp did not have a reasonable purpose in moving the couple's children to Charlotte. In addition, the court found that such a move would not be in the best interest of the children. As such, the court granted the Petition in Opposition to the Removal of the Children. The court also assessed all court costs to Ms. Schremp. Ms. Schremp appealed this ruling and the trial court's assessment of costs, as well as its failure to award her attorney's fees. Mr. Schremp appealed the finding that he did not spend equal time with the children.

The issues as we perceive them are as follows:

1.      Did the trial court err in failing to find that Ms. Schremp did not have a reasonable purpose for her relocation to North Carolina?

2.      Did the trial court err in finding that it was not in the best interest of the children to move to North Carolina?

3.      Did the trial court err in its failure to award attorney's fees to Ms. Schremp?

4.      Did the trial court err in its assessment of costs against Ms. Schremp?

To the extent that these issues involve questions of fact, our review of the trial court's ruling is *de novo* with a presumption of correctness. *See* Tenn. R. App. P. 13(d). Accordingly, we may not reverse the court's factual findings unless they are contrary to the preponderance of the evidence. *See, e.g., Randolph v. Randolph*, 937 S.W.2d 815, 819 (Tenn. 1996); Tenn. R. App. P. 13(d). With respect to the court's legal conclusions, however, our review is *de novo* with no presumption of correctness. *See, e.g., Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen and Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999); Tenn. R. App. P. 13(d).

---

[1] As a pilot for Federal Express, Mr. Hendry's job consisted of flying planes from various locations across the country. Sometimes Mr. Hendry's trips would begin in Memphis, while other trips would originate in different cities. Often, Mr. Hendry was required to fly a commercial airline to the starting point of his assigned trip. It was this mobile nature of Mr. Hendry's job that allowed him to "commute" from Charlotte to his job for Federal Express.

**Reasonable Purpose**

Section 36-6-108(d) of the Tennessee Code applies to parental relocation when the parties are not spending substantially equal intervals of time with the children.[2] The pertinent section provides that

> [t]he parent spending the greater amount of time with the child shall be permitted to relocate with the child unless the court finds:
>
> (1) The relocation does not have a reasonable purpose;
>
> (2) The relocation would pose a threat of specific and serious harm to the child which outweighs the threat of harm to the child of a change of custody; or
>
> (3) The parent's motive for relocating with the child is vindictive in that it is intended to defeat or deter visitation rights of the non-custodial parent or the parent spending less time with the child.

Tenn. Code Ann. § 36-6-108(d) (Supp. 2000). The trial court found that it need only determine if the relocation had a reasonable purpose as Ms. Schremp's relocation was neither vindictive nor harmful to the children.

It is thus necessary for us to determine if Ms. Schremp's relocation has a reasonable purpose. This determination requires us to examine the specific, factual rationales for the relocation. We have previously cited several general reasons in which a relocation may be reasonable, including moving to another location where a party's new spouse works and lives, moving to live closer to relatives, or moving to enhance the custodial parent's education or career.[3] *See Caudill v. Foley*, No. 01A01-9903-CH-00187, 1999 WL 976597 at *1 (Tenn. Ct. App. Oct. 28, 1999).

In the case before us, Ms. Schremp understandably desires to live with her new husband and Mr. Hendry currently resides in Charlotte, North Carolina. However, Mr. Hendry is not required to live in North Carolina for his employment. Indeed, according to his own testimony, it does not matter where in the United States he resides. According to the records of his employer, Federal Express, Mr. Hendry is domiciled in Memphis. His stated reasons for remaining in North Carolina are his ties to the community and his proximity to his elderly mother whom he visits two days a month. Upon our review, we cannot find that these are compelling reasons for Mr. Hendry to refuse to move to Memphis to live with his new wife.

---

[2] Mr. Schremp argues that he is spending a substantially equal amount time with his children if calculated by his children's "waking hours." As a determination in this matter will have no outcome in the final decision in this case, we decline to address it at this time.

[3] We by no means suggest that these are the only reasonable purposes for the relocation of minor children.

Ms. Schremp has provided this court with no other reasonable purpose to move to North Carolina. Neither she nor her children have any relatives in North Carolina. There has been no suggestion that the move will enhance Ms. Schremp's education or career prospects in the near future. While it is clear that a husband and wife should live together, it is also obvious that both may have to make sacrifices to ensure that they have that opportunity. Mr. Hendry has no compelling reason to live in North Carolina and may easily move his residence to Memphis. As Mr. Hendry has no compelling reason to stay in North Carolina, we find it difficult to say that Ms. Schremp would be reasonable in dislocating her children to join him. As such, we affirm the trial court's finding that Ms. Schremp has no reasonable purpose in moving to North Carolina.

**Best Interest of the Children**

Section 36-6-108 of the Tennessee Code states that if a court determines that a parent who desires to relocate does not have a reasonable purpose for the relocation

the court shall determine whether or not to permit relocation of the child based on the best interest of the child. If the court finds it is not in the best interests of the child to relocate as defined herein, but the parent with whom the child resides the majority of the time elects to relocate, the court shall make a custody determination and shall consider all relevant factors including the following where applicable:

(1) The extent to which visitation rights have been allowed and exercised;

(2) Whether the primary residential parent, once out of the jurisdiction, is likely to comply with any new visitation arrangement;

(3) The love, affection and emotional ties existing between the parents and child;

(4) The disposition of the parents to provide the child with food, clothing, medical care, education and other necessary care and the degree to which a parent has been the primary caregiver;

(5) The importance of continuity in the child's life and the length of time the child has lived in a stable, satisfactory environment;

(6) The stability of the family unit of the parents;

(7) The mental and physical health of the parents;

(8) The home, school and community record of the child;

(9) The reasonable preference of the child if twelve (12) years of age or older. The court may hear the preference of a younger child upon request. The preferences of older children should normally be given greater weight than those of younger children;

(10) Evidence of physical or emotional abuse to the child, to the other parent or to any other person; and

(11) The character and behavior of any other person who resides in or frequents the home of a parent and such person's interactions with the child.

Tenn. Code Ann. § 36-6-108(e) (Supp. 2000).

The trial court focused its attention on (5), finding that the other factors were, for this case, "non-factors." Examining the record before us, we agree that (5) is the most important factor to be considered in this case.[4] The trial court found that the minor children have resided in Memphis for the last six years. They have become established in the local community during this period, attending the same school system and remaining in the same social environment. Upon our examination of the record, we agree with this assessment.

Ms. Schremp has argued that several other factors should be considered including her own happiness and well-being, the fact that the minor children do not consider Memphis their permanent home, the fact that the children adjusted well to an earlier move by Mr. and Ms. Schremp several years ago when they were married, and that the original divorce decree contemplated a change in visitation if Mr. Schremp was relocated to other city. We find these factors to be unpersuasive.

While Ms. Schremp argues that the children do not consider Memphis to be their permanent home, we find nothing in the record to corroborate this claim. Indeed, the length of the children's stay in Memphis would suggest to this court the opposite. In addition, the children's adjustment to a move several years ago while the parties were still married provides no insight on their ability to move today. The fact that a change in visitation was contemplated at the time of the divorce has no bearing on the question of the best interest of the children to move today.

We find that Ms. Schremp's argument that her own happiness and well-being should be considered is valid. She obviously desires to live with her new husband, who chooses to live in North Carolina. However, due to the nature of his employment, Mr. Hendry could easily move to Memphis. Outside of this factor, Ms. Schremp has offered only the most general reasons as to why her happiness and well-being would be increased by a move to North Carolina. Upon reviewing these reasons, we find that they are not compelling enough to outweigh uprooting her minor children from the stable environment and community in which they have spent the last six years. As such, we hereby affirm the trial court's ruling that the relocation of the minor children from Memphis to Charlotte, North Carolina is not in the best interest of the children.

---

[4]We by no means suggest, however, that any factor is more important than the others. These factors should be carefully examined in light of the circumstances of each individual case.

## Attorney's Fees

Section 36-6-108 of the Tennessee Code addresses the relocation of the parents of minor children. Upon our examination of this statute, we can discern no provision authorizing a court to award attorney's fees to either party. Ms. Schremp cites section 36-5-103(c) of the Tennessee Code in her argument requesting attorney's fees. This section states that

> [t]he plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court.

Tenn. Code Ann. § 36-5-103(c) (Supp. 2000). We note that this statute only provides for the award of attorney's fees upon "the adjudication of the custody or the change of custody of an child." *Id.* This case does not involve either issue. As such, neither party is entitled to an award of attorney's fees, and we hereby affirm the trial court's ruling in this matter.

## Costs

"Trial courts are afforded a great deal of discretion when considering whether to award costs. Absent a clear abuse of discretion, appellate courts generally will not alter a trial court's ruling with respect to costs." *Placencia v. Placencia*, 3 S.W.3d 497, 503 (Tenn. Ct. App. 1999) (citing *Perdue v. Green Branch Mining Co.*, 837 S.W.2d 56, 60 (Tenn.1992)). Upon our review of the record in the case before us, we can find no evidence of an abuse of discretion in the trial court's ruling assessing costs against Ms. Schremp. As such, we affirm the trial court's ruling in this matter.

## Conclusion

Based on the foregoing conclusions, we hereby affirm the trial court's judgment. Costs on appeal are assessed against the appellant, Mary Catherine Berni Schremp (Hendry), and her surety, for which execution may issue if necessary.

_____

DAVID R. FARMER, JUDGE

-6-